OPINION OF THE COURT
Sidney Rosen, J.
The tenant moves to vacate a stipulation of settlement and alleges that the amount of the monthly rent as set forth therein is incorrect.
The tenant’s lease had an expiration date of September 30, 1986 so that on or about April 21, 1986, the landlord forwarded a lease renewal form which provided for a 4% increase for a one-year lease and a 6.5% increase for a two-year lease. The tenant executed the form selecting a two-year lease *954 which increased her rent from $300 to $319.50 per month which was inclusive of $15 for monthly rents under $300 as provided for by rent guideline number 17 promulgated by the Rent Guidelines Board on June 28, 1985.
However, subsequent to the execution of the renewal, rent guideline number 18 was issued on June 27, 1986. This order applied to leases commencing October 1, 1986 and provided for an increase of 6% for a one-year lease and 9% for a two-year lease, plus $15 for dwelling units renting for less that $350 per month on September 30, 1986.
The tenant was accordingly informed that the new guidelines were applicable so that the new rent would be $342 per month. The stipulation in issue here was based upon this latter figure and it was the tenant’s position that a firm contract had been entered into providing the lower rental of $319.50.
Since the landlord is obligated by law to offer the tenant a renewal lease "not more than 150 days and not less than 120 days prior to the end of the tenant’s lease term” (Rent Stabilization Code [9 NYCRR] § 2523.5 [a]), the Code provides at section 2522.5 (d):
"Limitations. No provision may be made in any vacancy or renewal lease for adjustment of the legal regulated rent reserved in the lease except as follows:
"(1) if the applicable Rent Guidelines rate has not been fixed by the execution date of the vacancy lease or the renewal offer, the lease may make provision for the rent increase, if any, pursuant to the said rate when filed, to become effective as of the commencement date of the lease term”.
The first renewal-of-lease form forwarded to the tenant contained appropriate language in accordance with the above-quoted section of the Code. It is clear, therefore, that the landlord was entitled to a renewal lease which provided for the increase at the higher rate contained in the rent guideline which became effective subsequent to the date of the execution of the form by the tenant.
Counsel for the respondent contends that the service of the renewal notice on April 21, 1986 was untimely for it exceeded the 150 days provided for in Rent Stabilization Code (9 NYCRR) § 2523.5 and was, in fact, 162 days prior to the expiration of the lease term. In the case of Miska v Kucharski (NYLJ, May 13, 1987, at 14, col 3), the Appellate Term, Second Department, held that the service by a landlord of a *955 notice of nonrenewal of a lease 167 days prior to the expiration of the lease was a de minimis noncompliance with the provisions of former section 60 of the Rent Stabilization Code which caused no prejudice to the tenant and should not afford a basis for depriving landlord of possession of the premises. Former section 60 was, of course, the predecessor section to section 2523.5.
The motion of the respondent tenant to vacate the stipulation of settlement is, accordingly, denied.